IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[1]Harold Borrero-Borrero,<br>Defendant. | INDICTMENT<br><br>CRIMINAL NO. 26-_210_ (ADC)<br><br>CRIMINAL VIOLATIONS:<br><br>21 U.S.C. §§ 841<br>21 U.S.C. § 846<br>21 U.S.C. § 856<br>18 U.S.C. § 922<br>18 U.S.C. § 924<br><br>SIX COUNTS  &<br>FORFEITURE ALLEGATIONS |

THE GRAND JURY CHARGES:

## INTRODUCTION

### COUNT ONE
*(Controlled Substance Conspiracy)*
21 U.S.C. § 846

Beginning in or about 2025, and continuing until on or about the date of the return of the instant Indictment, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] Harold Borrero-Borrero,

the defendant herein, did knowingly and willfully conspire, combine, confederate, and agree with other individuals known and unknown to the Grand Jury, to distribute and

Page **1** of **13**

Indictment, U.S. v. Borrero-Borrero

possess with intent to distribute controlled substances, to wit: 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; a detectable amount of a mixture or substance containing cocaine base (crack), a Schedule II controlled substance; and a detectable amount of a mixture or substance containing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).

## Object of the Conspiracy

The object of the conspiracy was to operate a narcotics distribution point at the Enrique Catoni Public Housing Project in Vega Baja, Puerto Rico for significant financial gain.

## Manner and Means of the Conspiracy

The following are some, but not all, of the manner and means by which the defendant and his co-conspirators would further and accomplish the object of the conspiracy:

1.    The defendant and his co-conspirators established a drug distribution point in Vega Baja, Puerto Rico.

2.    The defendant and his co-conspirators would sell street quantity amounts of cocaine base (crack), cocaine, and marijuana at the drug point.

3.    The defendant and his co-conspirators would also receive wholesale amounts of cocaine, cocaine base (crack), marijuana, and prescription pills and later

Indictment, U.S. v. Borrero-Borrero

repackage them for street sale at the drug distribution point.

4.    The defendant and his co-conspirators would store drugs, in kilogram and user quantities, as well as packaging materials, in stash houses.

 

 

Indictment, U.S. v. Borrero-Borrero

5.     The defendant and his co-conspirators would maintain weapons and ammunition of various calibers to protect themselves and their narcotics.  Including a rifle designed to mimic military weapons, which allow for accuracy and stability during long-rang shooting.

 

6.     The defendant and his co-conspirators would communicate with each other using cellphones to further their drug trafficking activities.

 

Indictment, U.S. v. Borrero-Borrero

7.    The defendant and his co-conspirators would have access to different vehicles to transport money, narcotics, and firearms.  Additionally, the defendant and co-conspirators possessed and had access to a vehicle that resembled an "unmarked" law enforcement car.







8.    The defendant and his co-conspirators would possess hundreds of thousands of dollars in United States currency, the product of their sale of narcotics.



Indictment, U.S. v. Borrero-Borrero

9.    The defendant and his co-conspirators would record narcotics sales, cash distributions, and other pertinent information pertaining to the organization in "drug ledgers."

 

10.    The defendant and his co-conspirators, in order to carry on the business of the conspiracy, would keep in their possession tools of the drug trafficking trade, including but not limited to: a bulletproof vest, black ski masks, an extra license plate, and a safe.

 

Indictment, U.S. v. Borrero-Borrero



All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846.


## COUNT TWO
*(Possession of Controlled Substances with the Intent to Distribute)*
21 U.S.C. § 841

On or about May 21, 2026, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] Harold Borrero-Borrero,

the defendant herein, did knowingly and intentionally possess with the intent to distribute, 5 kilograms or more of a mixture or substance containing a detectible amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A).

## COUNT THREE
*(Possession of Controlled Substances with the Intent to Distribute)*
21 U.S.C. § 841

On or about May 21, 2026, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] Harold Borrero-Borrero,

the defendant herein, did knowingly and intentionally possess with the intent to distribute, a detectable amount of a mixture or substance containing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C).

## COUNT FOUR
*(Possession of a Firearm by a Prohibited Person)*
18 U.S.C. § 922(g)

On or about May 21, 2026, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

[1] Harold Borrero-Borrero,

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms and ammunition—to wit—.40 caliber ammunition; .223 caliber ammunition; .45 caliber ammunition; 9mm caliber ammunition; one 7.62 x 39mm drum magazine; one loaded Colt Match Target HBAR (Heavy Barrel) rifle bearing serial number PMH001300; and one black AR style short-

barreled rifle without serial number—said firearms and ammunition having been shipped and transported in interstate or foreign commerce. All in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

## COUNT FIVE
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*
(18 U.S.C. § 924(c)(1)(A)(i))

On or about May 21, 2026, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

[1] Harold Borrero-Borrero,

did knowingly and unlawfully possess firearms, to wit: one loaded Colt Match Target HBAR (Heavy Barrel) rifle bearing serial number PMH001300; and one black AR style short-barreled rifle without serial number, in furtherance of a drug trafficking crime as charged in Counts One, Two, and Three of this Indictment. All in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT SIX
*(Maintaining a Drug-Involved Premises)*
21 U.S.C. § 856(a)(1)

Beginning in or about 2025, and continuing until on or about the date of the return of the instant Indictment, in the District of Puerto Rico and within the jurisdiction of this Court,

[1] Harold Borrero-Borrero,

Indictment, U.S. v. Borrero-Borrero

the defendant herein, did knowingly and intentionally use and maintain a place, namely a residence located at Urbanization Ciudad Jardin III, Calle Sauco, #74, for the purpose of unlawfully manufacturing, storing, and distributing controlled substances, including cocaine, in violation of Title 21, United States Code, Section 856(a)(1).

All in violation of 21 U.S.C. § § 856(a)(1) & (b).

(LEFT INTENTIONALLY BLANK)

Indictment, U.S. v. Borrero-Borrero

## NARCOTICS FORFEITURE ALLEGATION

The allegations contained in Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853(a)(1).

Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. §§ 841 and 846, set forth in Counts One through Three of this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense.

If any of the property described above, because of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty,

Indictment, U.S. v. Borrero-Borrero

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

## FIREARMS FORFEITURE ALLEGATION

The allegations contained in Counts Four and Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  Upon conviction of either of the offenses in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) , the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved or used in the commission of the offense, including but not limited to: a .40  caliber ammunition; .223 caliber ammunition; .45 caliber ammunition; 9mm caliber ammunition;  one 7.62 x 39mm drum magazine; one loaded Colt Match Target HBAR (Heavy Barrel) rifle bearing serial number PMH001300; and one black AR style short-barreled rifle without serial

Indictment, U.S. v. Borrero-Borrero

number, rounds and ammunitions.

W. STEPHEN MULDROW
UNITED STATES ATTORNEY

TRUE BILL

_____
Myriam Y. Fernández-González
Assistant U.S. Attorney, Chief
Asset Recovery, Money Laundering &
Transnational Organized Crime Section

FOREPERSON

Date: _____ 05/28/2026

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Asset Recovery, Money Laundering &
Transnational Organized Crime Section